In the matter of Lasher.

---

In the matter of CATHARINE LASHER, a lunatic.

The court of chancery has the power, in the exercise of a sound discretion, to direct the issuing of a new commission of lunacy, where, from the evidence, or otherwise, there is no doubt that the jury must have erred in finding that the party proceeded against was not of unsound mind.

THIS was an application for a new commission of lunacy, to enquire as to the soundness of mind of C. Lasher. A commission had been issued, and executed, in which the jury found she was not a lunatic. But the commissioners all certified that, from the testimony adduced on the execution of the commission, as well as upon personal examination and inspection, they had no doubt she was a lunatic and of unsound mind, so as to be incapable of governing herself or managing property. They also returned all the evidence taken before them and the jury. And one of the commisssioners, who was a physician, stated that he had also examined her privately and apart from all other persons, and that from the examination thus made it was manifest to him that she was a lunatic.

*T. B. Mitchell,* for the petitioner.

THE CHANCELLOR. There is no irregularity, or defective finding of the jury in this case. And the only questions for consideration are whether the court has the power to award a new commission; and if so, whether this is a proper case for the exercise of the power.

In the matter of Lasher.

In the case *Ex parte Glen*, (4 *Dess. Rep.* 546,) the court of chancery in South Carolina refused an application for a new commission, to enquire of the lunacy, upon the merits. But it appears to have been taken for granted that the court had the power to direct a new commission to be issued, in a proper case, although the jury had decided in favor of the competency of the alleged lunatic, and there had been no irregularity upon the execution of the commission. Shelford says that where a regular return is made, if there is sufficient evidence in the case to satisfy the chancellor that the party is a proper subject for a commission, a new commission will be directed to issue. And in the case of *Donegal*, (2 *Ves. sen.* 408,) Lord Hardwicke remarked that in Lord Wenman's case no less than three commissions were applied for before he was found *non compos mentis*. I have no doubt, therefore, that the court has the power, in the exercise of a sound discretion, to direct the issuing of a new commission, where from the evidence or otherwise, there is no doubt that the jury must have erred in finding that the party proceeded against was not of unsound mind.

In this case, in addition to the unanimous opinion of the commissioners that Mrs. Lasher is a lunatic, they have returned all the testimony which was before the jury upon the execution of the commission. And from an examination of that testimony there does not appear to be any room to doubt that this lady now is, and for several months has been, afflicted with mental derangement, so as to be incompetent to govern herself or to manage her estate.

A new commission must therefore issue, to enquire whether she is a lunatic, or of unsound mind; directed to the same commissioners